UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John J. Sweeney, Jr.

   v.                                                 Civil No. 12-cv-276-PB

New Hampshire State Prison[1]


**O R D E R**

     John J. Sweeney, Jr., an inmate at the New Hampshire State Prison ("NHSP") has commenced this action, alleging violations of his First and Eighth Amendment rights. Sweeney's pleadings (doc. nos. 1 and 7) also assert a request for preliminary injunctive relief. The matter is before the court for preliminary review to determine whether it states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2). Also before the court are Sweeney's motion to reconsider (doc. no. 7), seeking reversal of this court's designation of this action as a civil case, and the request for

---

[1]The New Hampshire State Prison ("NHSP") is the only defendant specifically named in the caption of Sweeney's complaint (doc. no. 1). Sweeney's pleadings, consisting of the complaint (doc. no. 1) and a motion to reconsider (doc. no. 7), however, indicate that Sweeney also intends to assert claims against NHSP Corrections Officer Stephen Sullivan, NHSP Nurse Brad Bowden, NHSP Nurse Donna (last name unknown ("LNU")), NHSP Nurse Maria LNU, and NHSP Mental Health professional Cathy Fontaine.

preliminary injunctive relief contained in Sweeney's complaint (doc. no. 1). See Order (doc. no. 6) (referring request for preliminary injunctive relief to the magistrate judge for a report and recommendation).

## Motion to Reconsider (Doc. No. 7)

Sweeney initially titled this action: "Writ of Mandamus for Services/Motion for Immediate-Emergency Medical Treatment and Care by Speicialist(s) [sic]" (doc. no. 1). The court has construed this document as a complaint in a civil action filed pursuant to 42 U.S.C. § 1983, containing a request for a preliminary injunction. Sweeney seeks reconsideration of this designation. Alternatively, Sweeney asks the court either to dismiss this action with prejudice or to allow him a 200-day continuance to prepare to litigate this matter.

A petition for a writ of mandamus is pursued via the Mandamus and Venue Act, 28 U.S.C. § 1361 ("MVA"), which provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." By its terms, the MVA only authorizes this court to issue writs of mandamus to compel federal employees or officers to perform certain duties. The defendants in this case are all state actors, and the MVA does

2

not provide this court with the authority to direct or compel state actors to perform any act.

To the extent a plaintiff seeks a court order directing state defendants to act, or refrain from acting, in a particular matter, such a request is ordinarily made by plaintiff moving for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a). Here, the court has construed the complaint (doc. no. 1), to include such a request.

Civil actions, such as this one, seeking relief against state actors for alleged violations of a plaintiff's constitutional rights, are cognizable under 42 U.S.C. § 1983. The court has evaluated Sweeney's pleadings (doc. nos. 1 and 7), which seek relief for alleged violations of Sweeney's constitutional rights by state actors, and construed his action to have been properly characterized as one raised pursuant to § 1983.[2]

The request to reconsider (doc. no. 7), is denied. The denial is without prejudice to renewal should Sweeney still wish not to proceed with prisoner civil rights claims asserted under § 1983 at this time.

---

[2] Because Sweeney asserts facts and claims in his motion to reconsider (doc. no. 7) not included in the initial complaint (doc. no. 1), the court construes the motion to reconsider to include an addendum to the complaint. The court will consider both documents (doc. nos. 1 and 7), in the aggregate, to comprise the complaint in this matter for all purposes.

**Preliminary Review**

I.   Standard

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se in forma pauperis prisoner complaints before defendants have an opportunity to respond to the claims.  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se prisoner complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).  To determine plausibility, the court treats as true all well-pleaded factual

allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

II. Background

    A. Beating

Sweeney alleges that on October 4, 2011, he was badly beaten by NHSP Corrections Officer Stephen Sullivan. Sweeney states that Sullivan "smashed" Sweeney twice in the chest while holding handcuffs in his fist. Eight hours later, Sweeney was taken to the NHSP's Health Services Center ("HSC"). Sweeney has not specified or described the nature of any injury he may have sustained as a result of the alleged beating.

Sweeney immediately reported the beating to an unnamed NHSP official. Sweeney claims that since making his report, he has been followed, harassed, and assaulted by unnamed NHSP officers. Sweeney also claims that Sullivan assaulted him again on October 9, 2012, but does not describe that assault.

    B. Skin Condition

Sweeney states that he is a Vietnam veteran who was exposed to Agent Orange, an herbicide used as a weapon during the Vietnam War. As a result, Sweeney suffers from "chloracne." Chloracne is "[a]n acnelike eruption due to occupational contact, by inhalation or ingestion through the skin, with

5

certain chlorinated compounds . . . used as insulators, insecticides, fungicide, and herbicides, including Agent Orange." Stedman's Medical Dictionary, at 361 (28th ed. 2006). Sweeney also states that he has a bacterial skin infection, and that he believes he may have been exposed to methicillin-resistant staphylococcus aureus ("MRSA") in the HSC. Sweeney states that his head, neck, shoulders, face, and arms are covered with "bubbles" filled with foul-smelling pus.

On November 6, 2011, Sweeney went to sick call for treatment of his skin condition. Nurse Brad Bowden refused to treat Sweeney, stating that there was nothing wrong with him, and accusing him of trying to build a case against Sullivan. Two days later, on November 8, 2011, Sweeney was seen by Dr. Celia Englander, who identified eleven infected areas in or on Sweeney's ears. Dr. Englander prescribed a ten-day course of antibiotics. Sweeney claims the medication did not help to alleviate his condition.

On April 8, 2012, Sweeney requested medication because the skin on his right forearm was infected. Sweeney states that an unnamed medical provider gave Sweeney foot cream for his arm.

On June 18, 2012, Sweeney submitted a request slip for antibiotics to treat a skin infection. Nurse Bowden denied his request.

On June 19, 2012, Sweeney saw Nurse Donna at sick call. Nurse Donna saw the infected area on Sweeney's forearms, which Sweeney told her was chloracne, but she did not know what chloracne was. Sweeney was denied any medical treatment at that time, but was given an appointment to see a nurse practitioner the next day. When Sweeney arrived for the appointment, however, Nurse Bowden told Sweeney that he had cancelled the appointment because there was nothing wrong with Sweeney.

On July 12, 2012, Sweeney complained about his skin condition to Cathy Fontaine, a mental health worker. Sweeney told Fontaine that as of July 1, 2012, he had resorted to using his own urine (in an unspecified manner) to try to treat his skin infection. Fontaine told Sweeney that she would arrange for him to see a medical provider, but no appointment was scheduled.

At some point during the summer of 2012, Sweeney saw Nurse Maria at the HSC concerning his skin condition, but she did not give him any medication, cream, or other treatment. Sweeney states that he was scheduled for an appointment with Nurse Practitioner Savage, but does not state what occurred at that appointment.

Sweeney asserts that due to not receiving appropriate treatment for his skin condition, the condition has worsened and

spread.  Sweeney states that he has suffered scarring and facial disfigurement as a result.  Sweeney further asserts that he has been denied medical care for his skin condition in retaliation for reporting the October 4, 2011, assault by Sullivan.

III. Discussion

    A.    Excessive Force

Sweeney claims that Sullivan used excessive force against him on October 4, 2011, and assaulted him again on October 9, 2012.  The applicable Eighth Amendment standard for an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992).  The relevant factors for the court to consider in evaluating an excessive force claim are: the need for force; the relationship between that need and the amount of force applied; the extent of any injury inflicted; the "threat 'reasonably perceived by the responsible officials'" and; the "'efforts made to temper the severity of a forceful response.'"  Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).  An officer's use of excessive force may constitute an Eighth Amendment violation even where the inmate suffers no serious injury.  See Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-79 (2010) (per curiam) (citing Hudson, 503 U.S. at 7).

Here, Sweeney has not asserted any facts concerning the circumstances surrounding the alleged assaults by Sullivan. Sweeney has not, at this time, stated sufficient facts to allow the court to reasonably infer that the force used by Sullivan on either occasion was malicious and intended to cause harm, or an appropriate manner of achieving institutional discipline and security under the circumstances which gave rise to the alleged use of force. Accordingly, Sweeney is granted leave to amend his complaint, as directed in the conclusion of this order, to assert facts demonstrating that the force Sullivan used against him was excessive under the circumstances.

B. Medical Care

Sweeney, has asserted that Nurse Brad Bowden, Nurse Donna, Nurse Maria, and Cathy Fontaine acted with deliberate indifference and violated his Eighth Amendment right not to be deprived of adequate medical care for a serious medical need. Sweeney states generally that the nurses and Fontaine were aware of Sweeney's serious medical condition and need for treatment, disregarded that knowledge, and improperly denied Sweeney necessary treatment, causing his condition to worsen.

"To succeed on an Eighth Amendment claim based on inadequate or delayed medical care, a plaintiff must satisfy both a subjective and objective inquiry." Leavitt v. Corr. Med.

9

Servs., 645 F.3d 484, 497 (1st Cir. 2011). Specifically, an inmate must allege that a defendant has committed "acts or omissions . . . sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. "Deliberate indifference . . . may be shown by the denial of needed care as punishment and by decisions about medical care made recklessly with actual knowledge of impending harm, easily preventable." Ruiz-Rosa v. Rullán, 485 F.3d 150, 156 (1st Cir. 2007) (internal quotation marks and citation omitted). To act, or fail to act, with deliberate indifference, "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Leavitt, 645 F.3d at 497; (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Second, plaintiff must assert sufficient facts to show that the deprivation of medical care alleged was "'objectively, sufficiently serious.'" Id. (quoting Burrell v. Hampshire Cnty., 307 F.3d 1, 3 (2002)). A serious medical need "'is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. The seriousness of an inmate's needs may also be determined by reference to the effect of the delay of treatment.'" Leavitt,

645 F.3d at 497-98 (quoting Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990)) (other internal quotation marks and citation omitted).

Here, Sweeney asserts facts sufficient to allege that he suffers from a serious skin condition, that would be apparent to anyone who saw him, as he describes his face, head, neck, shoulders, and forearms as being covered with pus-filled "bubbles." Sweeney also states that he told medical personnel of his condition and need for treatment, but they failed to provide him with treatment adequate to treat his condition.

The assertions in Sweeney's complaint are not sufficient to demonstrate that the defendants were actually aware of the severity of Sweeney's skin condition as well as his need for treatment, or that they actually drew the inference that there was a substantial risk of serious harm likely to follow a denial or delay of adequate medical treatment. Although Sweeney makes the conclusory assertion that the defendants denied him medical care with subjective awareness of the seriousness of his condition and need for treatment, he has failed to allege sufficient specific facts to support that assertion, and thus has failed at this time to state an Eighth Amendment claim. Accordingly, Sweeney is granted leave to amend his complaint, as specified in the conclusion of this order, to name individual

11

defendants to this claim, and to demonstrate that each named defendant: 1) was aware of Sweeney's serious medical condition, 2) was aware of Sweeney's need for treatment and the risk of harm Sweeney faced without treatment, and 3) denied Sweeney treatment in disregard of that knowledge.

Should Sweeney file an amended complaint as directed, he should update the court regarding any medical care he has received for his skin condition since July 2012, including any care provided in or after the appointment scheduled with Nurse Practitioner Savage. Sweeney should also clarify which type of medical condition he alleges is still in need of treatment, as it is unclear from the facts alleged whether he believes his chloracne still requires treatment, or whether a bacterial skin infection (possibly related to chloracne) still needs treatment.

C. Retaliation

Sweeney asserts that he was denied medical care and was otherwise harassed in retaliation for reporting to a prison official that he was assaulted by Sullivan. To assert a retaliation claim, Sweeney must state facts sufficient to show that: (1) the conduct which led to the alleged retaliation was protected by the First Amendment; (2) he was subjected to some adverse action by prison officials; and (3) a causal link between the exercise of his First Amendment rights and the

adverse action. See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011), cert. denied, 132 S. Ct. 1105 (2012). As to the "adverse act" requirement, de minimis adverse acts will not support a retaliation claim. See Pope v. Bernard, No. 10-1443, 2011 WL 478055, at *2 (1st Cir. Feb. 10, 2011), cert. denied, 132 S. Ct. 261 (2011). A defendant's reaction to an exercise of an inmate's First Amendment rights is not de minimis if it would deter an individual of ordinary firmness from exercising such rights. See id.

Sweeney asserts that both medical providers and unnamed officers assaulted or otherwise harassed him, or denied him medical care. Sweeney also asserts that he reported to prison officials that he had been assaulted by Sullivan. Sweeney has failed, as yet, to assert specific facts to demonstrate that the adverse actions he alleges the defendants took against him were more than de minimis. Further, Sweeney has failed to assert specific facts to allow the court to draw a reasonable inference that the acts alleged were taken in order to retaliate against Sweeney for making the report. Accordingly, Sweeney will be given the opportunity to amend his complaint to identify by name each defendant who retaliated against him, what acts they took in retaliation, including facts to indicate that the acts were more than de minimis, and specific facts demonstrating that the

acts were in fact retaliatory, and taken in response to his report of the Sullivan assault.

### Request for Preliminary Injunction (Doc. No. 1)

Sweeney seeks preliminary injunctive relief, pursuant to Fed. R. Civ. P. 65(a). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Because the court, in this order, grants Sweeney leave to amend his complaint, and the amendment, if any, may affect this court's recommendation as to the necessity of an evidentiary hearing or the propriety of granting a preliminary injunction, Sweeney's request for a preliminary injunction will be held in abeyance pending receipt of Sweeney's amended complaint in this matter.

### Conclusion

Sweeney is granted leave to amend his complaint within thirty days of the date of this order. In the amended complaint, Sweeney must:

1. Name each individual that he seeks to include as a defendant to any of the claims in this action.

14

    2. State, with specificity, what each defendant did to violate his constitutional rights. In particular, Sweeney must state, with specificity, facts to demonstrate that:

        a. each defendant named as to his medical care claim acted with deliberate indifference in denying him adequate treatment for his serious skin condition;

        b. Sullivan used force against him on October 4, 2011, and/or on October 9, 2012, that was excessive in light of the surrounding circumstances;

        c. each defendant named as to his retaliation claim took actions or failed to take actions, which were retaliatory and not insignificant or slight; and

        d. such acts were taken with the intent to retaliate against Sweeney for reporting to an NHSP official that Sullivan had beaten him.

    Sweeney's failure to comply with this order may result in the court's recommendation that the complaint be dismissed, and that the request for preliminary injunctive relief be denied.

    The motion to reconsider (doc. no. 7) is denied without prejudice to renewal. The request for a preliminary injunction in the complaint (doc. no. 1) is held in abeyance pending the expiration of the time for Sweeney to file an amended complaint.

    SO ORDERED.

                                    _____
                                    Landya McCafferty
                                    United States Magistrate Judge

October 26, 2012

cc: John J. Sweeney, Jr., pro se

LBM:jba