UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


John J. Sweeney, Jr.

    v.                             Civil No. 12-cv-276-SM

New Hampshire State Prison[1]


## REPORT AND RECOMMENDATION


In this action, John J. Sweeney, Jr., an inmate at the New Hampshire State Prison ("NHSP"), has filed a complaint (doc. no. 1) and complaint addenda (doc. nos. 7, 9, and 11),[2] alleging violations of his federal constitutional and statutory rights at the NHSP.  On October 26, 2012, this court issued an order (doc. no. 8) directing Sweeney to amend his complaint to name defendants to his claims and to state what each defendant did or failed to do in violation of Sweeney's rights.  Sweeney filed addenda to his complaint on November 20 and December 11, 2012 (doc. nos. 9 and 11).  The complaint (doc. nos. 1, 7, 9, and 11)

---

[1]The New Hampshire State Prison ("NHSP") is the only defendant named in the caption of Sweeney's complaint. Sweeney's pleadings, however, make clear that he intended to sue individual NHSP employees.  The court has identified three individuals as additional defendants in this action: NHSP Cpl. Samson and Corrections Officers Logan and Sullivan.

[2]Sweeney's pleadings (doc. nos. 1, 7, 9, and 11) are taken together as the complaint in this matter for all purposes.

is before the court for preliminary review to determine whether
it states any claim upon which relief might be granted.  See 28
U.S.C. § 1915A(a); United States District Court District of New
Hampshire Local Rule ("LR") 4.3(d)(2).

**Discussion**[3]

I.   Medical Care

     Sweeney has a number of serious medical problems and is
significantly disabled.  Sweeney asserts that he has received
inadequate medical care at the NHSP because various medical
providers denied or delayed his diagnosis and/or treatment.
However, Sweeney also describes receiving a significant amount
of medical attention while at the NHSP, including numerous
appointments with NHSP medical staff, medication, CT scans, and
treatment at the Dartmouth-Hitchcock Medical Center.

     Crediting the truth of Sweeney's allegations, Sweeney's
assertions are insufficient to state a claim for inadequate
medical care.  Sweeney has failed to state sufficient facts to
allow the court to find or reasonably infer that the acts

---

[3]The court employs the standard for a preliminary review of
a prisoner complaint, and the standards for evaluating medical
care, excessive force, and retaliation claims, set forth in the
order issued October 26, 2012 (doc. no. 8).  Those standards
will not be repeated here.

alleged actually resulted in the denial of necessary care or
significantly or permanently worsened his condition.  The Eighth
Amendment medical care claims should thus be dismissed.

II.  ADA

Sweeney asserts a claim under the Americans with
Disabilities Act, 42 U.S.C. § 12132 ("ADA").  Title II of the
ADA provides that "no qualified individual with a disability
shall, by reason of such disability, be excluded from
participation in or be denied the benefits of the services,
programs, or activities of a public entity, or be subjected to
discrimination by any such entity."  Id.  Federal regulations
"require public entities to 'make reasonable modifications in
policies, practices, or procedures when the modifications are
necessary to avoid discrimination on the basis of disability,
unless the public entity can demonstrate that making the
modifications would fundamentally alter the nature of the
service, program, or activity.'"  Kiman v. N.H. Dep't of Corrs.,
451 F.3d 274, 283 (1st Cir. 2006) (quoting 28 C.F.R.
§ 35.130(b)(7)).

Sweeney states that he has a qualifying disability, and
claims that: 1) he requires the use of a walker, cane, or
wheelchair, all of which were denied to him at some point; 2) he

3

was repeatedly denied access to housing that could accommodate
his disabilities; and 3) he has been denied many meals because
his disabilities rendered him unable to carry his own tray.
These facts are sufficient to assert an ADA claim upon which
relief might be granted.  In an order issued this date
("Simultaneous Order"), the court directs service of the ADA
claim on the NHSP.

III. Excessive Force

        Sweeney alleges that on October 4, November 7, and November
27, 2012, Corrections Officer ("C.O.") Sullivan maliciously beat
him up, causing pain and injury, in disregard of Sweeney's
disabilities and without provocation.  Sweeney alleges that Cpl.
Samson and C.O. Logan participated in the November 27 incident.
Sweeney has stated sufficient facts to assert excessive force
claims against Sullivan, Samson, and Logan for those incidents.
In an order issued this date, the court directs service of
excessive force claims on Sullivan, Samson, and Logan.

        Sweeney also states that on October 9, 2012, Sullivan
grabbed Sweeney's arm and tried to pull him off his feet.
Sweeney was able to keep his balance by grabbing a door frame.
Sweeney's assertions allege that Sullivan used only de minimis
force on that occasion, easily resisted by Sweeney, and are thus

insufficient to state an excessive force claim, <u>see</u> <u>Hudson v.</u>
<u>McMillian</u>, 503 U.S. 1, 9 (1992) (not "every malevolent touch by
a prison guard gives rise to a federal cause of action"), and
should be dismissed.

IV.   <u>Retaliation</u>

    Sweeney alleges that after the October 4 beating by
Sullivan, Sweeney reported Sullivan's actions to prison
officials.  Since then, Sweeney claims to have been mistreated
by Sullivan and other prison officials.  Sweeney alleges that
Sullivan has continued to engage in threatening and assaultive
behavior against him, causing Sweeney injury or placing him at
significant risk thereof, and has filed false disciplinary
charges against him, and had him placed in maximum security or
housing that did not accommodate his disability, in retaliation
for Sweeney's report about the beating.  These facts are
sufficient to assert Sullivan's liability for non-<u>de minimis</u>
adverse acts, undertaken in retaliation for Sweeney's protected
grievance activity.  Accordingly, the court has directed service
of this retaliation claim upon Sullivan in the Simultaneous
Order.

    While Samson and Logan are alleged to have participated in
the November 27, 2012, assault, Sweeney has failed to assert

facts to show that either Samson or Logan was aware of or
motivated by Sweeney's report against Sullivan.  Sweeney further
states, in a conclusory manner, that other NHSP staff members
retaliated against him for reporting Sullivan's misconduct, by,
among other things, denying him medical care, harassing him, and
verbally abusing him.  Sweeney has not stated facts, however,
demonstrating either that those staff members intended to
retaliate against him, or that their actions would be likely to
deter a prisoner of ordinary firmness from exercising his First
Amendment rights.  Accordingly, all of the retaliation claims,
except those asserted against Sullivan, should be dismissed.

V.    Parole

        Sweeney alleges that he was denied parole because he failed
to complete sexual offender programming, and that he was
discriminated against because inmates in other programs are not
required to confess to crimes or take polygraph examinations, as
are applicants to the sexual offender program.  These assertions
fail to state a claim.  Sweeney has no right to be paroled, and
thus the denial of his parole does not violate the Constitution.
See Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011) ("There is no
right under the Federal Constitution to be conditionally
released before the expiration of a valid sentence, and the

States are under no duty to offer parole to their prisoners."
(citation omitted)); Ainsworth v. Stanley, 317 F.3d 1, 5 (1st
Cir. 2002) (inmates have no right to parole under federal or New
Hampshire law and an inmate who is not granted parole because he
failed to complete a treatment program has not suffered the
deprivation of any constitutionally protected liberty interest).
The claims concerning parole should be dismissed.

### Conclusion

Sweeney has asserted excessive force claims against
Sullivan, Samson, and Logan, a retaliation claim against
Sullivan, and an ADA claim against the NHSP.  The court directs
service of those claims in an order issued this date.  All of
the other claims and defendants in the complaint (doc. nos. 1,
7, 9, and 11) should be dismissed from this action.

Any objections to this report and recommendation must be
filed within fourteen days of receipt of this notice.  See Fed.
R. Civ. P. 72(b)(2).  Failure to file objections within the
specified time waives the right to appeal the district court's
order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57
(1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch.
Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st
Cir. 2010) (only issues fairly raised by objections to

7

magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

December 18, 2012

cc:  John J. Sweeney, Jr.

LBM:jba