```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

John J. Sweeney, Jr.

   v.                                                   Civil No. 12-cv-276-SM

New Hampshire State Prison, et al.

### REPORT AND RECOMMENDATION

Before the court is John Sweeney's motion entitled "Withdrawal Denied Clarification" (doc. no. 19). The motion seeks both clarification of the present status of a discrimination claim Sweeney raised in his complaint (doc. nos. 1, 7, 9 and 11), and to amend his complaint to include the discrimination claim, if that claim is not presently pending in this action.

### Background

This court conducted a preliminary review of Sweeney's complaint pursuant to 28 U.S.C. § 1915A(a), and United States District Court Local Rule ("LR") 4.3(d)(2). On December 18, 2012, the court issued a report and recommendation (doc. no. 12), finding that Sweeney had asserted a claim charging discrimination in the denial of parole. The court recommended that that claim be dismissed on the basis that the denial of

parole did not deprive Sweeney of any constitutionally protected liberty interest.

On December 27, 2012, Sweeney filed a document (doc. no. 16), that the court construed as a motion to amend, seeking to withdraw the discrimination claim from the complaint on the basis that the claim had been mischaracterized by the court in its report and recommendation. The December 27 motion to amend (doc. no. 16) described in more detail the discrimination claim Sweeney had intended to raise. The court construed the motion as having requested permission to withdraw the discrimination claim from this action. In an order (doc. no. 17) issued January 4, 2013, the court granted Sweeney's motion (doc. no. 16), having construed it as a motion to amend the complaint and withdraw the claim. Further, the court vacated the portion of its previously issued report and recommendation (doc. no. 12) that recommended dismissal of the claim.[1] Since the issuance of the January 4 order, therefore, no discrimination claim has been pending in this matter.

### Motion to Amend (Doc. No. 19)

Sweeney now files another motion to amend (doc. no. 19), claiming that the court misunderstood his intentions, and that

---

[1] The report and recommendation was approved on January 9, 2013 (doc. no. 18), in an order noting that Sweeney had withdrawn his discrimination claim from this action.

2

his previous motion to amend (doc. no. 16) did not seek to withdraw his discrimination claim but instead intended to clarify the claim and have the court reconsider its previous recommendation (doc. no. 12) that the claim be dismissed. Sweeney now asserts that he is "really looking forward to see my discrimination claim, not to be deleted or dismissed, but to proceed forward as my other claims." The court now considers Sweeney's request to amend his complaint to add the claims he denominates as discrimination claims, which have a federal constitutional basis and a basis in state law.

I.   Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides, in pertinent part, that a party may amend its pleading with the court's leave, and that the court "should freely give leave when justice so requires." The court has discretion to deny a motion to amend "'for any adequate reason apparent from the record,'" see Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) (quoting Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)), including futility of the amendment. See Todisco, 497 F.3d at 98 (citing Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006)). In evaluating whether a proposed amendment is futile, the court applies the standard which applies under Fed. R. Civ.

P. 12(b)(6).  See Adorno, 443 F.3d at 126.  The court must "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief," while "isolat[ing] and ignor[ing] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011)).

II.  Proposed Amendment

    A.  Equal Protection Claim

In the claim he seeks to add to this action, Sweeney alleges that he has been subject to discriminatory treatment on the basis of his status as a sex offender.  Specifically, Sweeney alleges that sex offenders, unlike prisoners convicted of non-sexual offenses, are required to complete polygraph evaluations, must admit to prior uncharged criminal behavior, and are denied parole absent completion of treatment requirements imposed by the prison.

Sweeney's discrimination claim arises under the Equal Protection Clause of the Fourteenth Amendment, which provides protection against improper discrimination.  Generally, to

4

establish an equal protection claim, a plaintiff must demonstrate that: (1) compared with others similarly situated, he was selectively treated; and (2) that the selective treatment was motivated by purposeful discrimination on some improper basis, such as plaintiff's membership in a particular race or religion.  See Hernandez v. New York, 500 U.S. 352, 360 (1991).

Sexual offenders are not a suspect, or quasi-suspect class, so as to entitle a sex offender to heightened scrutiny of prison officials' allegedly discriminatory acts under the equal protection clause.  See Lyons v. Wall, No. CA 09-059 ML, 2010 WL 554099, *4-5 (D.R.I. Feb. 12, 2010) (collecting cases).  To trigger the protections of the Equal Protection Clause, therefore, an inmate must demonstrate that the differential treatment he received lacked any rational relationship to a valid penological objective.  See id. at *4.

To the extent Sweeney asserts that his equal protection rights were violated because, as a sex offender, he was treated differently than other similarly situated non-sex offender inmates, he "must first identify and relate specific instances where persons similarly situated in all relevant aspects were treated differently, instances which have the capacity to demonstrate that [plaintiff was] singled out for unlawful oppression."  Ayala-Sepúlveda v. Mun'y of San Germán, 671 F.3d

5

24, 32 (1st Cir. 2012) (emphasis in original) (quotation marks and citation omitted). Sweeney's status as a sex offender is undoubtedly a "relevant aspect" of any difference in parole opportunities and treatment requirements he has been afforded, as compared to inmates convicted of other offenses. Sweeney's assertion that non-sex offenders are treated differently than sex offenders thus does not suffice to allow the court to find that he was treated differently than others similarly situated in all relevant aspects, and does not otherwise establish an actionable claim of discrimination in violation of his rights under the Fourteenth Amendment.

   B.   State Law Claim

Sweeney also claims that the treatment requirements and parole restrictions imposed on him by prison officials because he is a sex offender violate his rights because they are not specifically established by state law. Prison officials in New Hampshire have discretion to determine appropriate treatment for inmates in their custody. See Fiallo v. De Batista, 666 F.2d 729, 729, 730-31 (1st Cir. 1981); cf. State v. Evans, 127 N.H. 501, 504-05, 506 A.2d 695, 697-98 (1985) (inmates have no right to rehabilitative programming).

Both the New Hampshire parole statute and the administrative regulations governing the parole board's conduct plainly

6

provide that granting or denying parole to an eligible inmate is a decision squarely within the board's discretion.  See N.H. Rev. Stat. Ann. § 651-A:6 (providing that the parole board "may" grant parole to eligible inmates); N.H. Code Admin. R. Ann. Par-301.02 ("[p]arole shall be considered a privilege"); Knowles v. Warden, 140 N.H. 387, 389, 666 A.2d 972, 974-75 (1995) (parole board has broad discretion and is not mandated to grant parole); see also Higgins v. Blaisdell, Civ. No. 10-CV-436-SM, 2012 WL 2523404, *6 (D.N.H. Feb. 1, 2012), report and recommendation adopted by 2012 WL 2522516 (D.N.H. June 29, 2012).  Thus, the lack of a specific authorization for treatment requirements imposed by prison officials, or parole board pre-conditions on the granting of parole, does not form the basis of any actionable claim.

## Conclusion

For the foregoing reasons, the court recommends that the district judge issue the following order:

> The January 25, 2013, report and recommendation is approved.  Sweeney's motion seeking clarification and to add a discrimination claim (doc. no. 19) is DENIED.  The request for clarification is moot, as the magistrate judge has provided clarification in the report and recommendation.  The motion seeking to add discrimination claims is denied as futile, as the proposed complaint amendment fails to state a claim upon which relief can be granted.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

January 25, 2013

cc:   John J. Sweeney, pro se

LBM:jba