**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


John J. Sweeney, Jr.

    v.                                    Civil No. 12-cv-276-SM

New Hampshire State Prison et al.


## REPORT AND RECOMMENDATION

        Before the court is John Sweeney's request for preliminary
injunctive relief (doc. nos. 9, 11, and 27).  Sweeney seeks an
injunction to protect him from retaliatory violence at the New
Hampshire State Prison ("NHSP").  Defendants have objected (doc.
nos. 23 and 28).


### Background

        In the instant suit, among other claims, Sweeney has
asserted excessive force claims against NHSP Corrections Officer
Stephen Sullivan.  Sweeney alleges that Sullivan used excessive
force against him on several occasions between October 4, 2011,
and November 27, 2012.  Sweeney states that he reported the
October 4, 2011, incident to prison officials, and that since
then, Sullivan and others have retaliated against him by, among
other things, subjecting him to retaliatory disciplinary action,
harassment, and assault.  Most recently, Sweeney states that he

was assaulted on November 27, 2012, while housed in the Hancock Building, where Sullivan was assigned.

On November 20, 2012, Sweeney filed an addendum to his complaint (doc. no. 9) in which he requested preliminary injunctive relief, alleging ongoing difficulties with Sullivan and, in particular, the use of excessive force by Sullivan in retaliation for the October 2011 report.  On December 11, 2012, Sweeney filed an addendum to his request for injunctive relief (doc. no. 11).  In an order (doc. no. 25) issued January 31, 2013, the court granted Sweeney leave to file an addendum to his motion advising the court whether he is "<u>presently</u> in need of an injunction in order to avoid imminent irreparable harm."  Sweeney has responded (doc. no. 27), and the assertions therein will be considered as an addendum to the motion for preliminary injunction.  To support his request for an injunction, Sweeney alleges that he has been subjected to the following retaliatory acts:

    1.  On November 27, 2012, Sullivan and other defendant officers used excessive force against Sweeney;

    2.  Sweeney was charged with a false disciplinary infraction for the November 27, 2012, incident;

    3.  Between November 27, 2012, and December 20, 2012, Sweeney was "totally sequestered" in the NHSP's maximum security Special Housing Unit ("SHU");

4.   While in SHU, Sweeney was only allowed to shower once, in a non-handicapped shower, although Sweeney is disabled and requires the use of a cane, walker, or wheelchair to stand and ambulate;

5.   At SHU, some of Sweeney's property, including legal paperwork, was lost or stolen;

6.   Sweeney has been assigned to a bed that is too low and has no bars to assist him in getting in and out of bed;

7.   Replacement of Sweeney's hearing aid batteries was delayed for approximately six weeks between November 2012 and January 2013; and

8.   On December 20, 2012, Sweeney was placed in the Close Custody Unit ("CCU") at the prison for at least six months, as a result of a reclassification that followed his guilty finding in the disciplinary proceedings for the November 27, 2012, incident.

Sweeney now seeks an order from this court directing that: (1) prison officials transfer him to a facility in his home state of Oklahoma; (2) prison officials immediately admit him to the sexual offender program at the NHSP; and (3) Sullivan not seek Sweeney out, enter his cell, or issue him disciplinary tickets without a warning; and (4) Sullivan keep at least one hundred feet away from Sweeney.  In their objection (doc. nos. 23 and 28) to preliminary injunctive relief, defendants assert

that: (1) Sweeney has not alleged any negative interaction with Sullivan since the December 11, 2012, filing of his preliminary injunction request; (2) Sweeney has not alleged any exposure to violence since November 27, 2012; (3) Sweeney has, since November 27, 2012, been housed in the SHU or the CCU, and not in the Hancock Building, where Sullivan is still assigned; (4) Sweeney has not alleged that he has had any contact with Sullivan since he has been housed outside of the Hancock Building; and (5) Sweeney has not alleged any specific reason to suspect he will be subjected either to violence or contact with Sullivan in the immediate future.

## Discussion

### I.   Preliminary Injunction Standard

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits [of the underlying claims in the action], that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Swarovski AG v. Bldg. No. 19, Inc., 704 F.3d 44, 48 (1st Cir. 2013).  Demonstration of irreparable harm in the absence of an injunction is required to obtain preliminary injunctive relief.  See Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (citing 11A

Charles Alan Wright, Arthur Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2948 (2d ed. 1995) ("Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." (internal quotation marks and citation omitted))).  "A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store."  <u>Charlesbank Equity Fund II v. Blinds To Go, Inc.</u>, 370 F.3d 151, 162 (1st Cir. 2004)

II.  <u>Irreparable Harm</u>

Sweeney has asserted that, since November 27, 2012, he has been subjected to a number of hardships which, he alleges, are all retaliatory acts stemming from the October 2011 report Sweeney made against Sullivan.  Sweeney's request for injunctive relief is premised on several alleged incidents of excessive force, the last of which occurred on November 27, 2012, and Sweeney's belief that he would likely be subject to future retaliatory violence or harm absent an injunction.

While Sweeney has described a number of unpleasant conditions of confinement to which he has been subject since November 27, they are largely unrelated to his underlying claims

in this action, save for Sweeney's bald allegation that the acts of which he complains have been taken in retaliation for the October 2011 report.  Sweeney's allegations contain no specific facts linking any of the acts that have occurred since November 27, 2012, to retaliatory intent on the part of any individual. Sweeney has not alleged facts that suggest that the people who made his housing decisions, took his property, investigated his disciplinary infraction, denied him access to sex offender programming, or delayed his receipt of hearing aid batteries, were retaliating against Sweeney for, or were even aware of, Sweeney's October 2011 complaint against Sullivan.

Even assuming the truth of the assertion that the November 27 incident was an act of retaliatory violence, Sweeney has not stated any facts to indicate any lingering or present risk of harm, much less irreparable harm.  Sweeney is housed in a unit where there is neither an allegation that he has, nor any indication that he would, encounter Sullivan, and nothing in the record indicates that Sweeney is likely to be transferred to a unit where Sullivan is assigned in the near future.  There is no indication in Sweeney's filings that Sullivan has made any attempt to make contact with, harass, or threaten Sweeney.  The fact that Sweeney fears future harm based on incidents that occurred months ago, without more, is insufficient to plausibly demonstrate that he is likely to suffer imminent or irreparable

harm in the absence of an injunction.  As Sweeney has failed to state sufficient allegations to indicate that he is at risk of imminent and irreparable harm, his motion for a preliminary injunction (doc. nos. 9, 11, and 27) should be denied.

### Conclusion

For the foregoing reasons, the court recommends that Sweeney's motion seeking preliminary injunctive relief (doc. nos. 9, 11 and 27) be denied.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya B. McCafferty
United States Magistrate Judge

March 5, 2013
cc:  John J. Sweeney, Jr., pro se
     Nancy J. Smith, Esq.
     Francis Charles Fredericks, Esq.

LBM:jba